IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MATTHEW ROGERS, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. 8:22-cv-02924-PX |
| v. | * |
| | * |
| EVERETT KELLEY, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

***

## **MEMORANDUM OPINION**

Pending before the Court in this labor relations dispute is the motion to dismiss filed by Defendants Everett Kelley, National President of the American Federation of Government Employees ("AFGE"); Eric Bunn, National Secretary-Treasurer of AFGE; Ottis Johnson, Jr., National Vice President of AFGE District 14; and Reginald Booth, President of AFGE Local 2463 ("Local 2463") (collectively, "Defendants"). The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion to dismiss is GRANTED.

**I.   Background**

This dispute involves Plaintiff Matthew Rogers ("Rogers)'s interactions with Local 2463 regarding his employment at the Smithsonian Institution (the "Smithsonian"). ECF No. 2 at 3. In August of 2019, Rogers was in the hospital and sought help from his local union in completing his application for disability retirement from the Smithsonian. *Id.* On August 12, 2019, Rogers alleges that he accidentally sent his personal medical information, including information about his mental health, to David Hendrick ("Hendrick"), then-president of Local 2463. *Id.* He alleges that Hendrick next passed the information to a labor relations employee at the Smithsonian, who in turn disseminated the information to others at the Smithsonian. *Id.*

Rogers further alleges that Hendrick never helped him with his disability retirement application and instead ignored his requests for help.  *Id.*

Rogers, proceeding pro se, filed suit on August 24, 2022, originally in the Prince George's County District Court.  ECF No. 2.  He alleged that the unauthorized disclosure of his medical records caused him psychological trauma.  *Id.* at 3.

Defendants timely noted removal to this Court, ECF No. 1, and separately moved to dismiss the claims for lack of jurisdiction, arguing that the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101 *et seq.*, preempts the claims.  ECF No. 6.  On December 5, 2022, Rogers moved for leave to amend his Complaint.  ECF No. 14.  Rogers did not include in his pleading the proposed Amended Complaint, as is required pursuant to this Court's local rules.  *See* Loc. R. 103.6(a).  Defendants opposed amendment on the ground that the proposed amended claims did not cure the jurisdictional defects, and so are futile.  *See* ECF No. 15.

Although Rogers sought leave to amend the Complaint, the motion was unnecessary.  This is because a plaintiff may amend his complaint once "as a matter of course" 21 days after service of a responsive pleading.  *See* Fed. R. Civ. P. 15(a)(1).  Had Rogers filed an Amended Complaint on the day he moved for leave to do the same, the Amended Complaint would have automatically replaced the original Complaint by operation of law.  *Id.*

Rogers, however, did not file the proposed Amended Complaint.  But because he proceeds pro se, the Court directed Rogers to submit the proposed Amended Complaint by no later than August 1, 2023.  *See* ECF No. 20.  Rogers timely filed his proposed Amended Complaint.  ECF No. 21.  The Court accepted the Amended Complaint and denied Defendants' motion to dismiss the original Complaint as moot.  *See* ECF No. 22.

The Amended Complaint brings new claims for violations of the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d–6 (Count One); negligence and professional negligence (Counts Two and Three); negligent infliction of emotional distress (Count Four); and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count Five[1]).  ECF No. 21 ¶¶ 21–41.  The Amended Complaint also attaches four new exhibits.  *See* ECF Nos. 21-1, 21-2, 21-3 & 21-4.  The first three consist of emails purporting to show that Rogers mistakenly sent his medical information to Hendrick, and that Hendrick forwarded the information to other individuals at the union and the Smithsonian.  *See* ECF Nos. 21-1, 21-2 & 21-3; *see also* ECF No. 21 ¶¶ 9, 15.  The last exhibit is the affidavit of Melanie Engelen, a Smithsonian labor-employee relations liaison, in which she confirms that Hendrick forwarded to her an email containing Rogers' medical information.  *See* ECF No. 21-4 ¶¶ 1, 9.  Rogers additionally avers that once Defendants received his medical information and his request for medical leave, they disregarded his request for disability accommodations and instead insisted that he resign.  *See* ECF No. 21 ¶ 17.

On October 6, 2023, Defendants moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 25.  Rogers opposed the motion.[2]  ECF No. 27.  The matter is now ready for resolution.

## II.     Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River*

---

[1] The Amended Complaint skips from Count Four to Count Six, *see* ECF No. 21 ¶¶ 34–41, so Rogers' discrimination claim is properly labelled as Count Five.

[2] Rogers also complains that the Court should not have granted Defendants' motion for an extension of time to file their reply.  *See* ECF Nos. 23, 24 & 31.  Principally, Rogers argues that despite Defendants' representations, no one attempted to obtain Rogers' consent to the extension.  *See* ECF No. 28.  The Court would have granted the motion in any event, and so Rogers position, while noted, does not change the outcome.

*Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Duncan v. Kavanagh*, 439 F. Supp. 3d 576, 581 (D. Md. 2020) (quotation omitted). Where, as here, the defendant contends that jurisdiction is lacking based on the face of the complaint, "the plaintiff 'is afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Namely, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive challenge, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must aver "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Additionally, the Court is mindful of its obligation to construe liberally the pleadings of pro se plaintiffs, such as Rogers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal

construction, however, does not permit the Court to ignore a clear failure in the pleadings to set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**III.   Analysis**

It is undisputed that Local 2463 represents federal workers employed at the Smithsonian, including Rogers.  *See* ECF No. 21 ¶ 5; ECF No. 25-1 at 1.  Rogers faults the union for forwarding his medical information to his employer and for failing to help him fill out forms related to his disability retirement application.  *See* ECF No. 21 ¶¶ 5–12.  Defendants contend that because Rogers' claims are covered under the CSRA, this Court lacks jurisdiction over the matter.  *See* ECF No. 25-1 at 4–6.  The Court agrees.

The CSRA "comprehensively overhauled the civil service system," *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 773 (1985), which was widely considered to be "so lengthy and complicated that federal supervisors were discouraged from taking legitimate adverse personnel actions," *Hall v. Clinton*, 235 F.3d 202, 205 (4th Cir. 2000).  In its place, the CSRA established a "new framework for evaluating adverse personnel actions against [federal employees]," *Lindahl*, 470 U.S. at 774, that "provides graduated procedural protections depending on an action's severity," *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012).  The statute sets out "in great detail the protections and remedies applicable to such action[s], including the availability of administrative and judicial review."  *United States v. Fausto*, 484 U.S. 439, 443 (1988).

Of relevance here, Title VII of the CSRA "contains the first statutory scheme governing labor relations between federal agencies and their employees."  *Bureau of Alcohol, Tobacco & Firearms v. Fed. Lab. Rels. Auth.*, 464 U.S. 89, 91 (1983).  It was devised to "significantly strengthen[] the position of public employee unions while carefully preserving the ability of federal managers to maintain 'an effective and efficient Government.'"  *Id.* (quoting 5 U.S.C. §

7101(b)). Title VII requires any labor organization that retains the "exclusive right of representing employees in a designated unit" to represent the interests of all employee-members "without discrimination and without regard to labor organization membership." *Karahalios v. Nat'7 Fed'n of Fed Emps.*, 489 U.S. 527, 531 (1989) (citing § 7114(a)(1)). When a labor organization breaches its duty of fair representation, this constitutes an "unfair labor practice" under the statute. *Id.* at 532 (citing § 7116(b)(8)).

However, no private cause of action exists to litigate unfair labor practice claims in federal court. *Karahalios*, 489 U.S. at 533 ("[N]either the language nor the structure of the Act shows any congressional intent to provide a private cause of action to enforce federal employees unions' duty of fair representation."); *see also* 5 U.S.C. § 7123. Rather, Title VII confers that power solely onto the Federal Labor Relations Authority (the "FLRA"), which is "a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation." *Karahalios*, 489 U.S. at 533; *see* § 7118. The CSRA, moreover, confers narrow jurisdiction on this Court limited to enforcing FLRA orders. *See Karahalios*, 489 U.S. at 532. Any further review of an FLRA claim proceeds before the "appropriate court of appeals," not this Court. *Id.* at 533.

Although the Amended Complaint avoids invoking the term "unfair labor practice," this is precisely what it attempts to allege. The Amended Complaint avers that the union committed all manner of violations when it disclosed Rogers' medical information, failed to help him complete a disability retirement application, and pressured him to resign, *see* ECF No. 21 ¶ 17. In a nutshell, the allegations turn on the union's alleged breach of its duty of fair representation, which constitutes an unfair labor practice. *See Karahalios*, 489 U.S. at 532. Because Congress has conferred the power to hear such claims to the FLRA, not this Court, the Complaint must be

dismissed for lack of jurisdiction under Rule 12(b)(1).  *See Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 178 (4th Cir. 2016) (Congress may divest district courts of their jurisdiction); *Hall*, 235 F.3d at 206–07 (dismissing claims for lack of subject matter jurisdiction because they were barred by the CSRA).

Because this Court lacks subject matter jurisdiction, it will not reach the merits of Rogers' claims.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A federal court] may not assume jurisdiction for the purpose of deciding the merits of the case.").  Accordingly, the Complaint will be dismissed without prejudice.  *See Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (dismissal for any defect in subject matter jurisdiction must be without prejudice); *Rydie v. Biden*, No. 21-2359, 2022 WL 1153249, at *8 (4th Cir. Apr. 19, 2022) (instructing district court to dismiss claims precluded by CSRA without prejudice).

**IV.   Conclusion**

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 25) is granted.  A separate Order follows.

April 29, 2024                                                            /s/
Date                                                                          Paula Xinis
                                                                                 United States District Judge